IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID CRAIG HOWARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-522-P |
| | § | |
| BRETT E. MCGUIRE, Sheriff, | § | |
| Palo Pinto County, Texas, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner David Craig Howard ("Howard"). Pet. 9, ECF No. 5. In response to the petition, Respondent Brett McGuire filed an initial response with exhibits (ECF No. 9), a first supplemental response with exhibits (ECF No. 13), and a second supplemental response with exhibits (ECF No. 15.) Howard has not filed a reply to any of these documents. After considering the pleadings and the relief Petitioner seeks, the Court has concluded that the petition should be dismissed as moot, in part, and for lack of jurisdiction, in part.

**I.    BACKGROUND**

At the time he filed his § 2241 petition, Howard was confined in the Palo Pinto County Jail. Pet. 9, ECF No. 5. In his Petition for Writ of Habeas Corpus, Howard complains that he was being held on a charge of "driving while intoxicated 3rd degree." Pet 3, ECF No. 5. The Respondent informs, however, that at the time of the filing of this § 2241 petition, Howard was not actually being held on the DWI third charge. Resp. 2–3, ECF No. 9. Rather, he was being held on a parole revocation warrant. *Id*.

In October of 2015, Howard was involved in a motor vehicle crash in Mineral Wells, Texas. Pet. 4, Exhibit page 12, ECF No. 5. A warrant for his arrest was subsequently issued charging him with the offense of DWI-3rd or more. Resp. Exhibit A, ECF No. 9. Howard was not arrested on the new DWI charge until June 3, 2016, but he was also released on bond the next day (June 4, 2016). Resp. Exhibit C, ECF No. 9. That felony DWI charge was not, however, Howard's only outstanding criminal justice matter. Howard was previously convicted of possessing a controlled substance in a correctional facility and sentenced to a 35-year prison term. In 2013, Howard was paroled from prison and he remained released on parole at the time of the October 2015 automobile crash and at the time of his June 2016 arrest. Resp. 2, ECF No. 9.

Howard's June 2016 arrest and new charge for driving while intoxicated-third degree arising from the October 2015 crash apparently triggered a Pre-Revocation Warrant from the Texas Department of Criminal Justice. Resp. 3, ECF No. 3. Howard was then arrested on that Pre-Revocation Warrant on November 30, 2017. Resp. Exhibits D and E, ECF No. 9. On December 2, 2017, Howard was interviewed by his parole officer, and Howard requested a preliminary hearing on his revocation. That preliminary hearing was conducted in mid-December 2017. The revocation charges against Howard were sustained and the State of Texas proceeded to revocation. Resp. Exhibit F, ECF No. 9. Thus, at the time of filing this § 2241 petition in June 2018, Howard was in the Palo Pinto County Jail pending that final parole revocation hearing. Resp. 4, ECF No. 9.

While Howard was in the Palo Pinto County Jail due to the parole revocation proceedings, he entered a plea of guilty to the new charge of driving while intoxicated-third

2

degree in cause number 16645 in the 29th District Court, Palo Pinto County, Texas. First Suppl. Resp. Exhibit 1. As a result, Howard was found guilty of the offense of driving while intoxicated third degree (enhanced to habitual offender status) and sentenced to 37 years' imprisonment. First. Suppl. Resp., Exhibit 2. After he was convicted on the new charge, Howard was transferred into the custody of the Texas Department of Criminal Justice in January 2019. First Suppl. Resp., Exhibit 3. Howard has since informed the Court that he is now housed at the TDCJ Lindsey State Jail, in Jacksboro, Texas. Notice Address Change, ECF No. 17.

## II.  CLAIMS FOR RELIEF

In his § 2241 petition, Howard contends that (1) although his blood alcohol level was tested at the time of the October 2015 accident he was not arrested until June 2016; (2) prior to the October 2015 accident he had been given surgery at John Peter Smith Hospital and the medications he was given may have related to his blood alcohol level; (3) the delay in his arrest until several months after the October 2015 accident violated his rights; and (4) the officers did not have probable cause to arrest him and falsified their reports because he could not have taken the standard field sobriety tests as listed in their reports. Pet. 5–6, Exhibits 12–14, ECF No. 5. For relief in this petition, Howard requests: "charges for DWI-3rd degree dropped, a bond set or the blue warrant lifted, and $50.00 dollars a day for being locked up because of Officer Dusty Richardson presenting my parole officer and hearing officer a false police report and a sworn under oath affidavit stating he arrested me around October 2015 when he didn't." Pet. 7, ECF No. 5.

3

## III. ANALYSIS

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (footnote omitted). The records confirm that although Howard filed the § 2241 petition while state charges were pending, he subsequently pleaded guilty to the challenged charge for driving while intoxicated third degree and was convicted. First Suppl. Resp. Exhibits 1, 2, ECF No. 13. As Howard is no longer a pretrial detainee, it is unnecessary to resolve the issues presented in the § 2241 habeas petition. *See Wade v. Anderson*, No. 4:09-cv-684-Y, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented"). Thus, Howard's claims of a delay in charging him, manipulation of evidence, and lack of probable cause, must all be dismissed as moot.

To the extent Howard seeks compensatory monetary damages, the Court has no authority to grant such relief in a habeas corpus action. *See Preiser v. Rodruguez*, 411 U.S. 475, 484 (1973) (holding that habeas relief is not available to review questions unrelated to the fact or duration of one's incarceration that would result in an earlier release).

**IV.    ORDER**

For the reasons discussed herein, it is therefore **ORDERED** that Petitioner Howard's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** as **MOOT**, in part, and for lack of jurisdiction, in part.[1]

**SO ORDERED** on this **1st day** of **October, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] In recent handwritten correspondence to the clerk of Court, Howard asked about the status of his "writ of habeas corpus under 11.07." Public Correspondence, ECF Nos. 19 and 20. The Court notes to Howard that the Texas Code of Criminal Procedure Article 11.07 sets forth the procedure for a person convicted of a felony in Texas to challenge a conviction under Texas state law.

5